UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO. 03-421-S

NEW CINGULAR WIRELESS, PCS, LLC
f/k/a AT&T WIRELESS PCS, LLC
and MCF COMMUNICATIONS, INC.
Plaintiffs,

v.

TOWN OF CHARLESTOWN, RHODE ISLAND, et al.
Defendants.

**PLAINTIFFS' MCF'S AND NEW CINGULAR'S (formerly AT&T WIRELESS') MOTION TO SUPPLEMENT AND AMEND COMPLAINT**

The Plaintiffs MCF Communications, Inc. ("MCF") and New Cingular Wireless PCS, LLC ("Cingular"), formerly known as AT&T Wireless PCS, LLC) move to supplement and amend the complaint by adding the additional parties and counts set forth in the accompanying proposed Amendment and Supplement to Complaint.

As grounds for this Motion, the plaintiffs state that, since this Court's Decision and Order on the parties' cross-motions for summary judgment, dated May 24, 2005 ("Order"), additional facts have occurred, further supporting existing claims and giving rise to new claims; that the claims are supported factually by the Affidavit of Brad Gannon, submitted simultaneously with this Motion; and that the new claims are supported legally for the reasons stated in Plaintiffs' Memorandum in Support of Motion for Further Relief Implementing This Court's Order Or, In the Alternative, For Amendment of the Remand Order. There is no prejudice to the Defendants

in allowing this motion.

**By Their Attorneys,**

**Richard J. Welch, R.I. Bar # 4497**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**(401) 454-3600**

Douglas H. Wilkins (RTh)
**Douglas H. Wilkins,**
**ANDERSON & KREIGER LLP**
**43 Thorndike Street**
**Cambridge, MA 02141**
**(617) 252-6575**
**Pro Hac Vice**

**Dated: March 17, 2006**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Motion was mailed via first class mail, postage prepaid, to Christopher J. Zangari, Esquire, Marinosci & Zangari, 1575 South County Trail, East Greenwich, Rhode Island 02818 on the 17th day of March 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO. 03-421-S

NEW CINGULAR WIRELESS, PCS, LLC
f/k/a AT&T WIRELESS PCS, LLC
and MCF COMMUNICATIONS, INC.
Plaintiffs,

v.

TOWN OF CHARLESTOWN, RHODE ISLAND, et al.
Defendants.

**PLAINTIFFS' SUPPLEMENT AND AMENDMENT TO THE COMPLAINT**

The Plaintiffs amend and supplement their complaint by adding the following paragraphs after the last numbered paragraph of the Amended Complaint:

101. Paragraphs 1-100 are incorporated and realleged.

102. John Matoza, CBO, Building Official of the Town of Charlestown, is hereby added as a defendant, with a business address at 4540 South County Trail, Charlestown.

103. John Lamphere, Town of Charlestown Planner, is hereby added as a defendant, with a business address at 4540 South County Trail, Charlestown.

104. The Town of Charlestown Planning Commission is hereby added as a defendant, with a business address at 4540 South County Trail, Charlestown.

105. Upon cross-motions for summary judgment in this case, U.S. Magistrate Judge Martin recommended that Cingular's motion for summary judgment be granted on the count alleging that the Board had failed to state its reasons. He recommended remand on that issue. He recommended that the defendants' motion be allowed on the question of effective prohibition of coverage and on the other issues in the complaint. Cingular filed timely objections to the

Magistrate Judge's report and recommendation.

106. In its Order dated May 24, 2005, this Court adopted the Magistrate's ruling that the Board had violated the Telecommunications Act by failing to state reasons for the Board's decision, but limited the remand to the five items listed by the Board as having been omitted from the applicants' submissions to the Board. The Court held that there was an issue of fact on the effective prohibition claim, and therefore denied summary judgment on that point.

107. Upon remand, the Charlestown Zoning Board of Review held a hearing and granted the special use permit on July 19, 2005.

108. However, subsequent developments in the Town have attempted to revisit issues that should have been resolved by the Board's decision, as follows.

109. On December 21, 2005, MCF Communications filed an application for a Building Permit with the Town of Charlestown to construct a Communication Tower at 5081 Old Post Road, Map 14/Lot 103 in the Town of Charlestown, upon which Cingular would locate (the "Project").

110. By letter dated December 30, 2005, MCF received a letter from John Matoza, CBO, Building Official of the Town of Charlestown stating, in part, that "I can not review your Building Permit application … [as] Article VIII Section 218-38(A) requires that all nonresidential activities, which require a Building Permit, shall require site plan review and approval before a building permit is issued. I cannot process this application until you have Planning approval."

111. Upon receipt of the December 30, 2005 letter, MCF then scheduled a meeting and met with the Town of Charlestown Planner, John Lamphere on January 6, 2006 to determine the requirements of the Town of Charlestown Planning Commission regarding a site plan review for

the Project.

112. At the meeting with Mr. Lamphere, MCF requested the Planner conduct an administrative review of the Project as MCF believed was appropriate under the Town of Charlestown's Ordinances, Section 218-39 "Town Planner Review", so that MCF Communications could get its Building Permit expeditiously.

113. Mr. Lamphere refused to conduct an administrative review of the Project pursuant to Section 218-39 "Town Planner Review".

114. Mr. Lamphere informed MCF that it must submit an application to the Planning Commission for the Project and that the first opportunity for a review by the Planning Commission would be February 15, 2006. MCF Communications complied.

115. Prior to the February 15, 2006 Planning Commission meeting, counsel for MCF Communications filed a memorandum challenging the Planning Commission's jurisdiction as to Project.

116. At the February 15, 2006 meeting, the Planning Commission stated that it would not address the jurisdictional issues raised in the memorandum submitted by counsel for MCF Communications. This left MCF with the choice of going forward in a forum whose jurisdiction it challenged (thereby arguably waiving its jurisdictional argument, as discussed below), or withdrawing the application.

117. As a result of the Planning Commission's refusal to address the jurisdictional issues, MCF Communications decided to withdraw its application without prejudice and with permission of the Commission to do so. Gannon Aff. ¶ 12.

**COUNT VII - INTERFERENCE WITH COURT ORDER**

118. Paragraphs 1-117 are realleged and incorporated herein.

119. The defendant Town, through its Planning Commission, Town Planner and Building Official, seeks belatedly to inject a new phase of review that, by statute, is actually part of – and must precede – the ZBR special use permit process.

120. The Planning Commission's review, and the Town Planner's review, are not authorized by Rhode Island law.

121. Since this Court ordered the special use proceedings to be completed by July 24, 2005 (60 days after the Order), the Town's chosen course undermines and conflicts with the Order and must be enjoined.

**COUNT VIII - UNDUE DELAY BY NON-ZBR DEFENDANTS**

122. Paragraphs 1-121 are realleged and incorporated herein.

123. The Telecommunications Act provides in relevant part that:

> A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.@

47 U.S.C. ' 332(c)(7)(B)(ii).

124. Here, the "nature and scope" of the request at this point is simply for a building permit, pursuant to a special use permit that has already been granted. Building permits are supposed to be issued expeditiously under state and local law

125. Congress implemented the "reasonable period of time" provision of the TCA to stop local authorities from keeping wireless providers tied up in the hearing process through

invocation of state procedures, moratoria, or gimmicks.

126. Moreover, the Town's actions are part of a pattern that began in 2003, culminating in the Order. Planning Commission issues that should have been addressed in 2003, or on remand in 2005, cannot now be reviewed on the third go-around.

127. This Court's Order gave the Town its chance to act in conformity with law. While the

Zoning Board of Review complied, the Town – also a defendant – is now interfering with the Order and violating the TCA.

128. The Court should not countenance the Town's erroneous and dilatory invocation of inapplicable Planning Commission review procedures. It should therefore enter an order for further relief enjoining the Town from requiring Planning Commission Review, or should amend the Order to require the Town to issue a permit "authoriz[ing] construction" based upon review and compliance with standard building permit criteria, excluding Development Plan Review under Article VIII of the Charlestown Zoning Ordinance.

**COUNT IX – LACK OF SUBSTANTIAL EVIDENCE BY NON-ZBR DEFENDANTS**

129. Paragraphs 1-128 above are realleged and incorporated

130. The Town's actions also lack substantial evidence and a written decision.

131. ASubstantial evidence@ review under the TCA is centrally directed to those rulings that

the Board is expected to make under state law and local ordinance in deciding on variances, special exceptions and the like.

132. As fully argued above, the Commission is not expected to make any "rulings" at all at this point "under state law and local ordinance." State law precludes it from doing so.

133. Therefore, no substantial evidence can possibly support its decision to proceed with the merits; nor could substantial evidence support its decision to go forward without ruling upon MCF's objection.

134. Moreover, the Planning Commission's refusal to entertain MCF's jurisdictional objection is not supported by a written explanation.

135. The Commission has, and can never have, any substantial evidence for anything it has or will do on this application.

WHEREFORE, the Court should:

(1) Order the Town to process and grant MCF's building permit application without requiring review under Article VIII of the Charlestown Ordinance and without referral to the Charlestown Planning Commission.

(2) In the alternative, the Court should order the Town to rule on MCF's jurisdictional objection to review by the Planning Commission and, if that objection is overruled, to allow MCF and Cingular to proceed without waiver of the jurisdictional argument.

**By Their Attorneys,**

**Richard J. Welch, R.I. Bar # 4497**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**(401) 454-3600**

**Douglas H. Wilkins,**
**ANDERSON & KREIGER LLP**
**43 Thorndike Street**
**Cambridge, MA 02141**
**(617) 252-6575**

**Dated: March __, 2006**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Supplement and Amendment to the Complaint was mailed via first class mail, postage prepaid, to Christopher J. Zangari, Esquire, Marinosci & Zangari, 1575 South County Trail, East Greenwich, Rhode Island 02818 on the ___ day of March 2006.

______________________________

AT&T/Charelstown/Plaintiff's Supplement and Amendment to the Complaint 3.17.06