**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION NO. 03-421-S**

**AT&T WIRELESS PCS, LLC, d/b/a AT&T WIRELESS and MCF COMMUNICATIONS**
**Plaintiffs**

**v.**

**TOWN OF CHARLESTOWN, RHODE ISLAND and ZONING BOARD OF REVIEW OF THE TOWN OF CHARLESTOWN, RHODE ISLAND and MICHAEL RZEWUSKI, RONALD CROSSON, MILTON KRANTZ, RAYMOND DRECZKO, and RICHARD HORSTMANN, as they are Members and Associate Members of the Zoning Board of Review of the Town of Charlestown, Rhode Island,**
**Defendants**

## AFFIDAVIT

I, Brad Gannon, having been duly sworn, state the following:

1. I am the Vice President of MCF Communications, a Massachusetts corporation that is authorized to do business in Rhode Island.

2. I have personal knowledge of the facts set forth in this affidavit.

3. On December 21, 2005, on behalf of MCF Communications, I filed an application for a Building Permit with the Town of Charlestown to construct a Communication Tower at 5081 Old Post Road, Map 14/Lot 103 in the Town of Charlestown (the "Project").

4. By letter dated December 30, 2005, I received a letter from John Matoza, CBO, Building Official of the Town of Charlestown stating, in part, that "I can not review your Building Permit application … [as] Article VIII Section 218-38(A) requires that all nonresidential activities, which require a Building Permit, shall require site plan review and approval before a building permit is issued. I cannot process this application until you have Planning approval." (A copy of the December 30, 2005 letter is attached hereto as Exhibit A.)

5. Upon receipt of the December 30, 2005 letter, I then scheduled a meeting and met with the Town of Charlestown Planner, John Lamphere on January 6, 2006 to determine the requirements of the Town of Charlestown Planning Commission regarding a site plan review for the Project.

6. At the meeting with Mr. Lamphere, I requested the Planner conduct an administrative review of the Project as I believed was appropriate under the Town of Charlestown's Ordinances, Section 218-39 "Town Planner Review", so that MCF Communications could expediently get its Building Permit.

7. Mr. Lamphere refused to conduct an administrative review of the Project pursuant to Section 218-39 "Town Planner Review".

8. I was informed by Mr. Lamphere that MCF Communications was required to submit an application to the Planning Commission for the Project and that the first opportunity for a review by the Planning Commission would be February 15, 2006. (See copy of February 3, 2006 letter enclosed at Exhibit B.)

9. MCF Communications complied with the requests of the Planner, Mr. Lamphere.

10. Prior to the February 15, 2006 Planning Commission meeting, counsel for MCF Communications filed a memorandum challenging the Planning Commission's jurisdiction as to Project. (A copy of the memorandum submitted to the Planning Commission is attached hereto as Exhibit C.)

11. At the February 15, 2006 meeting, the Planning Commission stated that it would not address the jurisdictional issues raised in the memorandum submitted by counsel for MCF Communications.

12. As a result of the Planning Commission's decision not to address the jurisdictional issues, MCF Communications withdrew its application and the Town of

Charlestown Planning Commission allowed MCF Communications to withdraw the application without prejudice.

Brad Gannon

STATE OF RHODE ISLAND
COUNTY OF Washington

Subscribed and sworn to before me on 15th day of March 2006.

Notary Public
Printed Name: Valerie Wilkins
My Commission Expires: VALERIE WILKINS, Notary Public
My Commission Expires 4/3/06

## Certification

I certify that a copy of this Affidavit was sent via facsimile and mailed via first class mail, postage prepaid, to Christopher J. Zangari, Esquire, and Douglas H. Wilkins, Esquire, Anderson & Kreiger, LLP, 43 Thorndike Street, Cambridge, MA 02141 on the 17th day of March 2006.

AT&T/Charlestown/Affidavit Brad Gannon

CC: Jim

**John J. Matuza**
*Building Official*
*Zoning Inspector*
*Minimum Housing Inspector*

TOWN OF CHARLESTOWN

4540 SO. COUNTY TRAIL
CHARLESTOWN,
RHODE ISLAND 02813

Tel (401) 364-1215
Fax (401) 364-1238

December 30, 2005

Building/Zoning Ltr 050-05

Brad Gannon
MCF Communications
668 Main Street, Suite 114
Wilmington, MA 01887

RE: Zoning Application #870

Dear Mr. Gannon:

I can not review your Building Permit application, which you filed on December 21, 2005. Article VIII Section 218-38 (A) requires that all nonresidential activities, which require a Building Permit, shall require site plan review and approval before a building permit is issued. I cannot process this application until you have Planning approval. My office will hold this permit until you have received approval.

Article IV Section 218-25(C) addresses the case where an outside agencies approval is required and that the six months will commence upon approval. This provision applies in this case as you need planning approval. You must actively pursue this approval and file a copy of the application with my office.

If you have any questions please call my office at 364-1215.

Yours truly,

John Matuza, CBO
Building Official

PLANNING COMMISSION

4540 SO. COUNTY TRAIL
CHARLESTOWN,
RHODE ISLAND 02813

Tel (401) 364-1225
Fax (401) 364-1238

TOWN OF CHARLESTOWN

February 3, 2006

Mr. Brad Gannon
MCF Communications
668 Main Street, Suite 114
Wilmington, MA 01887

RE: Development Plan Review – Telecommunication Tower – MCF Communications – AP 14 Lot 103 – 5081 Old Post Road

Dear Mr. Gannon:

The above entitled has been placed on the Planning Commission's Regular Meeting Agenda as item 9B. The meeting is scheduled for Wednesday, February 15, 2006 at 7:00 PM.

Should there be any questions, please contact the Planning Department.

Very truly yours,

Mary Goff
Planning Commission Clerk

Enclosure

**TOWN OF CHARLESTOWN**
**PLANNING COMMISSION**

**In re**
**MCF COMMUNICATIONS**
**AP 14 LOT 103**
**5081 Old Post Road**
**Charlestown, Rhode Island**
**(Telecommunications Tower)**

**OBJECTION TO PLANNING BOARD CONSIDERATION OF SITE PLAN REVIEW FOR TELECOMMUNICATIONS TOWER LOCATED AT 5081 OLD POST ROAD, CHARLESTOWN, RHODE ISLAND**

NOW comes the undersigned and respectfully objects to the Town of Charlestown's Planning Board's conducting development plan review for the construction of the Telecommunications Tower to be located at 5081 Old Post Road, Charlestown, Rhode Island.

**MCF Communications**

**By its Attorneys,**

**John J. Garrahy (#3113)**
**Richard J. Welch (#4497)**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**Ph: (401) 453-3600**

**February 13, 2006**

**TOWN OF CHARLESTOWN**
**PLANNING COMMISSION**

**In re**
**MCF COMMUNICATIONS**
**AP 14 LOT 103**
**5081 Old Post Road**
**Charlestown, Rhode Island**
**(Telecommunications Tower)**

**MEMORANDUM IN SUPPORT OF MCF'S OBJECTION TO THE PLANNING COMMISSION'S CONSIDERATION OF DEVELOPMENT SITE PLAN REVIEW FOR THE TELECOMMUNICATIONS TOWER**

## A. FACTS AND TRAVEL

AT&T Wireless PCS, LLC ("AT&T Wireless"), now, through a acquisition, Cingular Wireless PCS, LLC ("Cingular") is licensed by the Federal Communications Commission ("FCC") to provide wireless service throughout the country, including Rhode Island. MCF Communications, Inc. ("MCF") is in the business of identifying and acquiring appropriate sites for the development of telecommunications facilities and in constructing such facilities. On or about May 30, 2003, AT&T Wireless, now Cingular and MCF filed an application with the Charlestown Zoning Board of Review (the "Board") for permission to erect and operate a wireless communications installation on a lot located at 5081 Old Post Road, Charlestown, Rhode Island, in an R-3A Zoning District (the "Site"). The application sought a special use permit to construct a telecommunications tower at that location.

At the conclusion of the hearing on August 19, 2003, the Board voted unanimously to deny the application. A written decision (the "Decision"), reflecting the denial, was issued on August 28, 2003. (A copy of the Decision is attached hereto as Exhibit A.)

AT&T Wireless now "Cingular" and MCF filed a Complaint in the Federal District Court for the District of Rhode Island on September 17, 2003, seeking judicial review of its application pursuant to Section 704 of the TCA, 47 U.S.C. §§ 151-691, and R.I. Gen. Laws § 8-1-2 and its Zoning Act, R.I. Gen. Laws § 45-24-69.

On May 24, 2005, the Federal District Court issued an Order pursuant to which the Court ordered that the application to construct a telecommunications tower was remanded to the Zoning Board with instructions that the only ground for denial of the application would be the failure on the part of the applicant to satisfy the five (5) pre-requirements for issuance of a special use permit under the Charlestown Zoning Ordinance. (A copy of the Order is attached hereto as Exhibit B.)

At a meeting of the Charlestown Zoning Board of Review held on July 19, 2005, the Charlestown Zoning Board voted 4-1 to grant the special use permit for the construction of the telecommunications tower. A written decision (the "Second Decision") reflects the approval was on July 21, 2005. (A copy of the Charlestown Zoning Board of Review Second Decision is attached hereto as Exhibit C.)

On December 21, 2005, MCF filed an application for a building permit for the construction of the telecommunications tower with Mr. John Matuza, the Building Official for the Town of Charlestown. By letter dated December 30, 2005, Mr. Matuza indicated to MCF that he could not review the building permit application because Article VIII Section 218-38(A) requires that all nonresidential activities, which require a building permit, shall require site plan review and approval before a building permit is issued. (A copy of Mr. Matuza's December 30, 2005 letter is attached hereto as Exhibit D.)

## B. DISCUSSION

This Memorandum is written to support MCF's objection to the Planning Commission's consideration of site plan review for the telecommunications tower because it is not in accordance with statutory procedures.

The Building Official has taken the position that a building permit cannot be issued for the telecommunications tower until the Planning Commission has reviewed and approved the site plan in accordance with Section 218-38(A) of the Town of Charlestown Zoning Ordinance. However, because this tower has already obtained zoning approval from the Charlestown Zoning Board, the Planning Board does not have jurisdiction to review the site plan under the statutory authority granted by the General Assembly.

Section 218-38[1] requires that all non-residential activities with the Town of Charlestown obtain site plan review and approval before a building permit is issued.

However, because development plan or site plan review is one of the components of the State's land use program, any municipality which enacts a process of site plan review must conform with the provisions of the Zoning Enabling Act enacted as Public Law 1991, ch. 307 and codified as Chapter 24 of Title 45 (the "Zoning Enabling Act"). See Munroe v. East Greenwich, 733 A.2d 703 (R.I. 1999).

R.I.G.L. § 45-24-49 contains the Development Plan Review provision of the Zoning Enabling Act. It provides:

> § 45-24-49 Special provisions – Development plan review. – (a) A Zoning ordinance may permit development plan review of applications for uses requiring a special-use permit, a variance, a zoning ordinance amendment, and/or a zoning map change. The

[1] Section 218-39 permits the Town Planner after consultation with the Building Inspector and Public Works Director to approve a site plan for property having less than two (2) acres in size, requiring less than twenty (20) parking spaces and having less than two thousand (2,000) square feet of new floor area. Although this project complies with the foregoing requirements, the Planner has chosen to forward this matter to the Planning Board.

> review is conducted by the planning board or commission and is advisory to the permitting authority.
>
> (b) A zoning ordinance may permit development plan review of applications for uses that are permitted by right under the zoning ordinance, but the review is only based on specific and objective guidelines which must be stated in the zoning ordinance. The review body must also be set forth in and be established by the zoning ordinance. A rejection of the application shall be considered an appealable decision pursuant to § 45-24-64.
>
> (c) Nothing in this subsection shall be construed to permit waivers of any regulations unless approved by the permitting authority pursuant to the local ordinance and this act.

As originally enacted as part of the Zoning Enabling Act, Section 45-24-49 entitled "Special Provisions-Development Plan Review" was "virtually incomprehensible" because it contained serious flaws, which made it difficult to evaluate either its operation or its effectiveness. See Chase, *Primer on the New Zoning Enabling Act*, 26 Suffolk U.L. Rev. 333, 335 (1992). Subsection (a) deals with development plan review for uses requiring action by the zoning board or the town council. The original Section 45-24-49(a) provided as follows:

> A zoning ordinance may permit the review of applications for uses requiring a special use permit, variance, zoning ordinance amendment and/or zoning map change. Review shall be based upon specific and objective guidelines, but *shall be advisory only to the permitting authority unless otherwise provided by ordinance*. [Emphasis added.]

P.L. 1991, ch. 307, §1.

In enacting the Rhode Island Land Development and Subdivision Review Act of 1992, the General Assembly "mercifully"[2] amended R.I.G.L. §45-24-49(a) to provide as follows:

> A zoning ordinance may permit ~~the~~ development plan review of applications for uses requiring a special use permit, variance, zoning ordinance amendment and/or zoning map change. Review shall be ~~based upon specific and objective guidelines, but~~ conducted by the planning board or commission and shall be advisory ~~only~~ to the permitting authority~~unless otherwise provided by ordinance~~.

---

[2] Chase, supra at 335.

[Underlining and deletions included.] P.L. 1992, ch. 365, §2.

Consequently, the 1992 amendment to R.I.G.L. §45-24-49(a):

a) deleted the requirement that the review of projects, which require zoning board or town council approval, be based on specific and objective guidelines;[3]

b) deleted the ability of the municipality to provide in its zoning ordinance that development plan review for projects, which require zoning board or town council approval, be other than advisory to the permitting authority; and

c) required the review to be conducted by the planning board or commission.

The Rhode Island Supreme Court in Munroe v. Town of East Greenwich, 733 A.2d 703, 711 (R.I. 1999) stated:

> "the legislature clearly intended to establish uniform procedures for land development throughout the state and in explicit terms superseceded local regulations, whether authorized by Charter provisions or pre-existing special statutes."

To better understand Subsection (a) of Rhode Island General Laws Section 45-24-49, it is helpful to compare and contrast it to Subsection (b) which deals with development plan review for uses permitted by right.

In contrast to Subsection (a), Subsection (b) requires that review be based on specific and objective guidelines and that a denial be an appealable decision pursuant to R.I.G.L. §45-24-64[4]. Subsection (a) does not provide either requirement because such review is only advisory to the permitting authority and, therefore, the decision of a planning board under Subsection (a) is not binding on either the applicant or the permitting authority[5]. Subsection (a) is similar in form and

[3] This provision was presumably deleted because if a review is only advisory to the permitting authority and not binding on the applicant, there is no need for it to be based on specific and objective guidelines and, therefore no violation of the constitutional due process requirement that a statute not be vague and indefinite. See City of Warwick v. Aptt, 497 A.2d 721 (R.I. 1985).

[4] R.I.G.L. §45-24-64 provides that an appeal of an administrative decision is to the Zoning Board.

[5] "The term permitting authority is not defined in the Act, but it obviously seems to refer to the authority having power to grant permits. This would mean the board of review for variances and special-use permits, and apparently the city or town council for zoning amendments and zoning map changes, since these are legislative matters within its jurisdiction." Chase, *Primer on the New Zoning Enabling Act*, 26 Suffolk U.L. Rev. 333, 335 (1992).

substance to other provisions of the Zoning Enabling Act, which grants zoning boards the power "to refer matters to the planning board or commission, or to other agencies of the city or town, as the zoning board of review may deem appropriate, for findings and recommendations." Rhode Island General Laws Section 45-24-57(G). Because a zoning board or town council has jurisdiction over a project under Subsection (a) but not under Subsection (b), a decision regarding development plan review with respect to each necessarily has a different effect. Furthermore, these provisions recognize the hierarchy of authorities established in the Zoning Enabling Act and that it would be inappropriate to have a planning board review and possibly contradict the actions of a town council or zoning board, which are statutorily superior bodies. See generally Munroe v. Town of East Greenwich, 733 A.2d 703 (R.I. 1999).

Section 218-38 is in contravention of the provisions of R.I.G.L. § 45-24-49 because with respect to development plan review, it does not distinguish between uses permitted by right and those permitted by special use permit or variance as required by R.I.G.L. § 45-24-49. Furthermore, Section 218-38 does not recognize that if and when the Zoning Board has already granted a special-use permit, site plan review by the Planning Board would be futile since the permitting authority has already acted and, as a result, there would be no agency to advise as required by R.I.G.L. § 45-24-49.

## C. CONCLUSION

The Planning Board does not have jurisdiction in this matter because the agency in which the Planning Board is required to advise (the Zoning Board), has already granted a special-use permit for the telecommunications tower. For the foregoing reasons, we respectfully request the Planning Board to advise the Building Official that it does not have jurisdiction to review the site plan for the site.

**MCF Communications**

**By its Attorneys,**

**John J. Garrahy (#3113)**
**Richard J. Welch (#4497)**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**Ph: (401) 453-3600**

**February 13, 2006**