UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW CINGULAR WIRELESS, PCS, LLC<br>f/k/a AT&T WIRELESS PCS, LLC<br>and MCF COMMUNICATIONS, INC.<br>Plaintiffs | |
| vs. | C.A. No.: 03-421-S |
| TOWN OF CHARLESTOWN, R.I, et al.<br>Defendants | |

TOWN OF CHARLESTOWN'S OBJECTION
TO PLAINTIFFS MOTION TO SUPPLEMENT AND
AMEND THEIR COMPLAINT

Now comes the Town of Charlestown, R.I. Planning Commission, the Charlestown Town Planner and the Charlestown Building Official in the above-referenced proceeding, by and through their attorney, and hereby object to the Plaintiffs Motion to Supplement and Amend Their Complaint. The basis for the Co-Defendants objection is set forth in the accompanying legal memorandum in support of their objection.

NOW, WHEREFORE, the Charlestown, R.I. Planning Commission, the Charlestown Town Planner and the Charlestown Building Official pray this court deny the Plaintiffs Motion to Supplement and Amend Their Complaint and award such other and further relief as the court deems just and reasonable under the circumstances.

Respectfully Submitted,
TOWN OF CHARLESTWON
By Their Attorney,

Peter D. Ruggiero (#5733)
Town Solicitor
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-8700
Fax: (401) 737-0735

March 28, 2006

CERTIFICATION

I, the undersigned, do hereby certify that on the 3rd day of April 2006, I hand-delivered a true and accurate copy of the foregoing to the following persons:

Richard J. Welch
Moses, Afonso, Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903
(401) 454-3600

Douglas H. Wilkins
Anderson & Kreiger, LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575

Christopher J. Zangari
Marinosci & Zangari
1575 South County Trial
East Greenwich, R.I. 02818
(401) 751-8090

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEW CINGULAR WIRELESS, PCS, LLC
f/k/a AT&T WIRELESS PCS, LLC
and MCF COMMUNICATIONS, INC.
Plaintiffs

vs. C.A. No.: 03-421-S

TOWN OF CHARLESTOWN, R.I, et al.
Defendants

TOWN OF CHARLESTOWN'S LEGAL MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS MOTION TO SUPPLEMENT AND AMEND THEIR COMPLAINT

ISSUE PRESENTED

Whether NEW CINGULAR WIRELESS, PCS, LLC f/k/a AT&T WIRELESS PCS, LLC and MCF COMMUNICATIONS, INC (hereinafter the "Plaintiffs or Applicants") may seek direct judicial review without first exhausting their local administrative remedies.

FACTS

The Plaintiffs were initially denied a Special Use Permit by the Charlestown Zoning Board of Review (hereinafter the "Zoning Board") on their petition to erect a telecommunications transmission facility (the "Tower") on a portion of certain property located in the Town of Charlestown, identified locally as 5081 Old Post Road, Assessor's Plat 14, Lot 103 (the "Property or Site"). Plaintiffs filed an appeal with this court seeking to overturn the decision of the Zoning Board to deny their Tower application. On or about May 24, 2005, the Court adopted a Magistrate's ruling that the Zoning Board had violated the Telecommunications Act by failing to state reasons for the Board's decision

to deny the Applicant's Tower request, but remanded the matter to the Zoning Board for further action consistent with the Magistrate's ruling and the Court's decision.

On or about July 19, 2005, the Zoning Board heard the matter on remand and granted the Applicant's Tower petition. The Zoning Board then approved the Tower application on remand. The Applicant took no other action nor consulted with any Town official concerning the regulatory status of their Tower application until December 21, 2005. On said date, the Applicant sought a building permit from the Charlestown Building Official's (the "Building Official") office. The Building Official, who also serves as the Town's Zoning Enforcement Officer, informed the Applicant that pursuant to the Charlestown Code of Ordinances, Zoning (hereinafter the "Zoning Code"), Section 218-38 Development Plan Review, a site plan review of the Tower was required. The site plan review would be performed either by the Town Planner or the Planning Commission. The Applicant was directed to contact the Town Planner to initiate the site plan review process. The Applicant never challenged or appealed the Building Official's determination in his capacity as the Zoning Enforcement Officer within the period provided in Rhode Island General Laws 45-24-64 or Section 218-24 of the Zoning Code. Further, the Applicant submitted to the Town's regulatory jurisdiction by filing an application for site plan review with the Town Planner, who also serves as the Administrative Officer to the Planning Commission (hereinafter the "Planner").

The site plan application was initially reviewed by the Planner and then referred to the Planning Commission for their review pursuant to Section 218-39 & 40 of the Zoning Code. Again, the Applicant failed to exercise their right to contest the actions and/or decisions of the Planner, as set forth in the previously mentioned provisions at

Rhode Island General Laws 45-24-64 and Section 218-24 of the Zoning Code. The Applicant was placed on the agenda of the Charlestown Planning Commission for review and action. Only when the Applicant realized their error in not seeking review of or contesting either the Building Official's or Planner's decisions did the Applicant challenge the Planning Commission's site plan review jurisdiction. The Applicant attempted to force the Planning Commission to make a legal determination, which it neither can nor should render, with regard to whether they had jurisdiction to review the Tower proposal. Rather, it is the purview and responsibility of the Building Official and Planner to make such decisions, not the Planning Commission. The failure of the Applicant to challenge the decisions of the Building Official and Planner within the requisite time period or pursuant to the mandatory procedure set forth in state law now precludes them from seeking judicial review of the previously rendered administrative decisions.

STANDARD OF REVIEW

Review of administrative decisions by town official charged with the responsibility to enforce and/or interpret local zoning and subdivision regulations are set forth at R.I. General Laws 45-23-67 and 45-24-64. (1998 & Supp. 2005). Charlestown's Code of Ordinances also set forth such local appellate remedies at Sections 188-42 and 218-28. These appellate procedures require:

> § 45-23-67. Appeals -- Process of appeal
> (a) An appeal to the board of appeal from a decision or action of the planning board or administrative officer may be taken by an aggrieved party to the extent provided in § 45-23-66. The appeal must be taken within twenty (20) days after the decision has been filed and posted in the office of the city or town clerk.
>
> (b) The appeal shall be in writing and state clearly and unambiguously the

issue or decision which is being appealed, the reason for the appeal, and the relief sought. The appeal shall either be sent by certified mail, with a return receipt requested, or be hand-delivered to the board of appeal. The city or town clerk shall accept delivery of an appeal on behalf of the board of appeal, if the local regulations governing land development and subdivision review so provide.

(c) Upon receipt of an appeal, the board of appeal shall require the planning board or administrative officer to immediately transmit to the board of appeal, all papers, documents and plans, or a certified copy thereof, constituting the record of the action which is being appealed.

§ 45-24-64. Appeals -- Appeals to zoning board of review
An appeal to the zoning board of review from a decision of any other zoning enforcement agency or officer may be taken by an aggrieved party. The appeal shall be taken within a reasonable time of the date of the recording of the decision by the zoning enforcement officer or agency by filing with the officer or agency from whom the appeal is taken and with the zoning board of review a notice of appeal specifying the ground of the appeal. The officer or agency from whom the appeal is taken shall immediately transmit to the zoning board of review all the papers constituting the record upon which the action appealed from was taken. Notice of the appeal shall also be transmitted to the planning board or commission.

## ARGUMENTS

1. The Applicant Failed To Seek The Mandatory Local Appellate Review.

The exclusive remedy available to any aggrieved party by a decision of the zoning official is to the zoning board of review. R.I. Gen. Laws 45-24-64. When the Building Official informed the Applicant that Section 218-38 of the Zoning Code mandated Development Plan Review of the Tower application, the Applicant failed to appeal that decision to the Zoning Board. Likewise, when the Planner, acting in his capacity as Administrative Officer to the Planning Commission, accepted the site plan application for the Tower and referred the matter to the full Planning Commission for review, the Applicant again failed to file an appeal with the appeals board pursuant to the

requirements of R.I. General Laws 45-23-67. As such, the motion to supplement is not properly before the court and should be denied and dismissed for the Applicant's failure to seek the mandatory local appellate review.

2. The Applicant Failed To Exhaust All Local Administrative Remedies.

It is a well settled rule of Rhode Island decisional law that plaintiffs must exhaust their administrative remedies prior to seeking judicial review on the merits of their particular dispute. See e.g. Carlson, et al v Town of Smithfield, 723 A.2d 1129 (R.I. 1999); see also J.M.M., Jr. Enter., et al v. Town of North Kingstown, 2002 R.I. Super. LEXIS 130, 10-11. In Carlson, the Smithfield zoning board never denied the applications at issue in the lawsuit filed by the plaintiff in the Superior Court. In that case, the zoning board neither denied the plaintiffs applications nor held a hearing, nor did the plaintiffs allege that they challenged the constitutionality of the ordinance at issue before the zoning board. In that case, the R.I. Supreme Court ruled that the plaintiffs failed to exhaust their administrative remedies. Id. Once finding that the plaintiffs failed to exhaust their administrative remedies, the Court then denied and dismissed the suit *sua sponte*.

Here, the Planning Commission never held a hearing on the Tower application nor did they deny the Tower application. In addition, the Applicant did not challenge the constitutionality of the site plan review process before the Planning Commission. Further, the Applicant did not seek local appellate review of either the Building Official's determination that the Tower application required site plan review or the Planner's determination that the Tower application required site plan review by the Planning Commission. As such, the Applicant has failed to exhaust their local administrative

remedies and cannot now seek judicial review on the merits of their claim. Accordingly, the Court should deny and dismiss the motion of the Applicant's to supplement their complaint and add the Planning Commission, Building Official and Planner as parties to their current litigation.

3. <u>The Prospectively Named Additional Parties Have Not Received Proper Notice.</u>

The Applicant has failed to serve the Motion To Supplement on the prospectively named parties named in the motion. Rule 5 of the Federal District Court for the District of Rhode Island (the "Local Rules") requires the service of all motions on the affected parties. Rule 6 requires that notice to be issued no less than 10 days to any hearing on the motion. Even if the Court does have jurisdiction over the issues alleged by the Applicant, neither the Planning Commission, Building Official, nor Planner received notice of the pending action as required by the Local Rules. As such, and in the alternative to outright dismissal of the motion, the Court should order the Applicant to issue proper service of the pending motion on the prospectively named parties before acting on this motion.

CONCLUSION

The Applicant cannot now seek judicial review for failure to seek the mandatory local appellate review process related to the merits of their alleged claim. Even if the Applicant can seek judicial review, they have failed to exhaust their administrative remedies prior to seeking judicial review. Lastly, the Applicant has failed to issue sufficient notice pursuant to the Rules to the prospectively named parties in their motion to supplement. For these reasons, the court should deny and dismiss the motion to supplement outright, or in the alternative, continue the matter and order the Applicant to serve the motion with proper notice to the prospectively named parties.

Respectfully Submitted,
TOWN OF CHARLESTWON
By Their Attorney,

Peter D. Ruggiero (#5733)
Town Solicitor
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-8700
Fax: (401) 737-0735

March 31, 2006

CERTIFICATION

I, the undersigned, do hereby certify that on the 3rd day of April 2006, I hand delivered a true and accurate copy of the foregoing to the following persons:

Richard J. Welch
Moses, Afonso, Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903
(401) 454-3600

Douglas H. Wilkins
Anderson & Kreiger, LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575

Christopher J. Zangari
Marinosci & Zangari
1575 South County Trial
East Greenwich, R.I. 02818
(401) 751-8090