**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION NO. 03-421-S**

| | |
|---|---|
| **AT&T WIRELESS PCS, LLC, d/b/a AT&T WIRELESS and MCF COMMUNICATIONS** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TOWN OF CHARLESTOWN, RHODE ISLAND and ZONING BOARD OF REVIEW OF THE TOWN OF CHARLESTOWN, RHODE ISLAND and MICHAEL RZEWUSKI, RONALD CROSSON, MILTON KRANTZ, RAYMOND DRECZKO, and RICHARD HORSTMANN, as they are Members and Associate Members of the Zoning Board of Review of the Town of Charlestown, Rhode Island,** | ) |
| **Defendants** | ) |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION FOR FURTHER RELIEF OR TO AMEND ORDER**

Pursuant to Local Rule 12(a)(1), the plaintiffs move for leave to file the accompanying, supplemental Affidavit of Brad Gannon dated July 6, 2006 ("Affidavit") in support of their Motion for Further Relief Implementing This Court's Order or, in the Alternative, For Amendment of the Remand Order ("Motion"), filed on March 17, 2006, currently scheduled for Argument on July 17, 2006. As grounds for this motion, the plaintiffs state:

1. The affidavit sets forth facts that occurred after the filing of the Motion, which chronicle the plaintiffs' efforts to coordinate with the Town and to exhaust reasonable avenues to resolve the matter short of litigating the Motion.

2. The Affidavit shows that the Town's Planning Commission, on two occasions,

has had the opportunity to address and decide the issues over which it claims jurisdiction, but has declined to do so. Instead, the Planning Commission has repeatedly continued the matter, most recently to August 3, at which time it contemplates a status report, rather than taking any action.

3. The Affidavit should be read in conjunction with the Court's docket, which reflects two conferences since the Motion was filed, as well as two Consent Orders designed to permit matters to proceed before the Commission. At the April 3 chambers conference, the parties determined, and the Court ultimately approved a Consent Order providing, that the plaintiffs would proceed before the Planning Commission on May 17, 2006. The May 17 hearing did not result in resolution. At the May 26 chambers conference, the Court scheduled a hearing on the Motion for July 17, to permit the Planning Commission the opportunity to go forward and to take any action it deemed appropriate on June 29.

4. Mr. Gannon's supplemental Affidavit reveals the general lack of progress made by the Board, and the Board's general unwillingness to take a position. It also documents the Board's willingness to entertain issues that are not appropriate, such as exploration into the supposed health effects of wireless facilities – a matter on which local regulation is prohibited. 47 U.S.C. § 332 (c) (7) (B) (iv). See, e.g. Cellular Telephone Co. d/b/a AWS v. Town of Oyster Bay, 166 F.2d 490, 494-495 & n.3 (2nd Cir. 1999) and cases cited; AT&T Wireless PCS, Inc. v. City Council of Virginia Beach, 155 F.3d 423, 431 n.6 (4th Cir. 1998) (the Act precludes consideration of "health concerns from radio emissions").

5. The inference from the Planning Commission's latest continuance (and refusal to allow the plaintiffs to make a presentation) is that it is not ready, willing and able to resolve the issues presented to it. Despite the clear message of the Court, the Board has refused to take the available opportunities to take responsibility for a decision.

6. The supplemental Affidavit and record of this Court show that the Town Planning Commission, aided by the Town Planner and Building Official, are bowing to local pressure and doing exactly what the Telecommunications Act aims to prevent: "Congress certainly intended to protect providers of [personal wireless] services from irrational or substanceless decisions by local authorities who might bend to community opposition to these facilities."). Brehmer v. Planning Board of Wellfleet, 238 117, 122 (1st Cir. 2001),[1] quoting Roberts v. Southwestern Bell Mobile Sys., Inc., 429 Mass. 478, 709 N.E.2d 798, 806 (1999). As the Supreme Court stated in City of Rancho Palos Verdes, Cal. v. Abrams, 125 S.Ct. 1453, 1455-56 (2005):

> Congress enacted the Telecommunications Act of 1996 (TCA), 110 Stat. 56, to promote competition and higher quality in American telecommunications services and to "encourage the rapid deployment of new telecommunications technologies." … One of the means by which it sought to accomplish these goals was **reduction of the impediments imposed by local governments upon the installation of facilities for wireless communications,** such as antenna towers. To this end, the TCA amended the Communications Act of 1934, 48 Stat. 1064, to include § 332(c)(7), which imposes **specific limitations on the traditional authority of state and local governments to regulate the location, construction, and modification of such facilities,** 110 Stat. 151, codified at 47 U.S.C. § 332(c)(7). [emphasis added].

[1] The First Circuit later overruled the portion of Brehmer holding that removal jurisdiction existed, but did not call into question the fundamental principle quoted above. See Metheny v. Becker, 352 F.3d 458 (1st Cir. 2003)

7. In addition to the Affidavit, the plaintiffs rely fully upon the papers previously submitted in support of their motion (except only insofar as the two Consent Orders make moot the request that the plaintiffs be allowed to reserve their rights to contest the Commission's jurisdiction – the Consent Orders already grant that relief).

8. It follows that the Affidavit of Brad Gannon, dated July 6, 2006, should be included as part of the record on the Motion, and that the Court should grant leave to file the Affidavit.

By Their Attorneys,

Richard J. Welch, R.I. Bar # 4497
Moses Afonso Jackvony Ltd.
170 Westminster Street, Suite 201
Providence, Rhode Island 02903
(401) 454-3600

Douglas H. Wilkins (RJW)
Douglas H. Wilkins,
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575
Pro Hac Vice

Dated: July 7, 2006

**Certification**

I certify that a copy of this Motion was sent via facsimile and mailed via first class mail, postage prepaid, to Christopher J. Zangari, Esquire, Marinosci & Zangari, 1575 South County Trail, East Greenwich, Rhode Island 02818 and Peter Ruggierio, Esquire, Ruggierio, Orton & Brocho, 20 Centerville Road, Warwick, Rhode Island 02886 on the 7th day of July 2006.

att\Charelstown/MoLeaveAff 07.07.06

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION NO. 03-421-S**

| | |
|---|---|
| **AT&T WIRELESS PCS, LLC, d/b/a AT&T WIRELESS and MCF COMMUNICATIONS** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TOWN OF CHARLESTOWN, RHODE ISLAND and ZONING BOARD OF REVIEW OF THE TOWN OF CHARLESTOWN, RHODE ISLAND and MICHAEL RZEWUSKI, RONALD CROSSON, MILTON KRANTZ, RAYMOND DRECZKO, and RICHARD HORSTMANN, as they are Members and Associate Members of the Zoning Board of Review of the Town of Charlestown, Rhode Island,** | ) |
| **Defendants** | ) |

**AFFIDAVIT**

I, Brad Gannon, having been duly sworn, state the following:

1. I am the Vice President of MCF Communications, a Plaintiff in this matter.

2. I submit this Affidavit to supplement the Affidavit that I had previously filed in this matter on March 17, 2006 and I have personal knowledge of the facts stated herein.

3. On May 17, 2006 I, as a representative of MCF Communications, attended the Charlestown Planning Commission's public hearing for the Development Plan Review of MCF Communication's proposed telecommunications facility tower in the Town of Charlestown that is the subject of this pending litigation.

4. At the May 17, 2006 Planning Board public hearing, I presented the same plans which were already approved by the Zoning Board for the special use permit.

5. The Charlestown Planning Commission did not vote on or take any action at the public hearing on May 17, 2006 on the Development Plan Review of MCF Communications, but, instead, continued the hearing to July 19, 2006.

6. Near the end of the May 17, 2006 public hearing, the Acting Town Planner suggested that MCF Communications address certain issues at any subsequent hearing, including (a) planting around the base (b) generator issues including schedule for testing (c) a removal bond (d) turnaround on site for emergency vehicles (e) health issues regarding telecommunications towers and (f) alternate pole designs.

7. On July 19, 2006, I again appeared, on behalf of MCF Communications, before the Charlestown Planning Commission for the continued Development Plan Review of MCF Communications.

8. On July 19, 2006, I was prepared to address and had updated my plans and submissions to address (a) planting around the base (b) generator issues including schedule for testing (c) a sample removal bond and (d) turnaround on site for emergency vehicles.

9. At the July 19, 2006 continued hearing, certain residents of the Town of Charlestown appeared and complained to the Planning Commission of a claimed notice defect regarding the Planning Commission hearing and a prior Zoning Board hearing, health issues associated with telecommunications towers, site issues for this tower and the negative impacts on property values should this tower be constructed, among other items of complaint.

10. The Charlestown Planning Commission did not vote on or take any action on the continued hearing on the Development Plan Review of MCF Communications on July

19, 2006, and did not offer me the opportunity to present the information I was prepared to present. Instead, the Planning Commission continued the matter for a status report, not a public hearing, on August 3, 2006 at 7:00 p.m.; it was my understanding that the Charlestown Planning Commission continued the matter to August 3, 2006 for a status report, in part, because of a scheduled hearing in the federal court on July 17, 2006.

Brad Gannon

STATE OF RHODE ISLAND
COUNTY OF Washington

Subscribed and sworn to before me on 6 day of July 2006.

Notary Public VICTORIA A. COMFORT, Notary Public
Printed Name: My Commission Expires 11/18/06
My Commission Expires:

**Certification**

I certify that a copy of this Affidavit was sent via facsimile and mailed via first class mail, postage prepaid, to Christopher J. Zangari, Esquire, Peter Ruggierio, Esquire, Ruggierio, Orton & Brocho, 20 Centerville Road, Warwick, Rhode Island 02886 and Douglas H. Wilkins, Esquire, Anderson & Kreiger, LLP, 43 Thorndike Street, Cambridge, MA 02141 on the 7th day of July 2006.