**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW CENGULAR WIRELESS, PCS, LLC f/k/a AT&T WIRELESS PCS, LLC, and MCF COMMUNICATIONS, INC.<br>Plaintiffs<br><br>v.<br><br>TOWN OF CHARLESTOWN, RHODE ISLAND and ZONING BOARD OF REVIEW OF THE TOWN OF CHARLESTOWN, RHODE ISLAND and MICHAEL RZEWUSKI, RONALD CROSSON, MILTON KRANTZ, RAYMOND DRECZKO, and RICHARD HORSTMANN, as they are Members and Associates Members of the Zoning Board of Review of the Town of Charlestown, Rhode Island,<br><br>Defendants | ) | C.A. NO.: 03-421S |

Town of Charlestown Zoning Board of Review's Answer to Plaintiff's Amended Complaint

101. Town of Charlestown Zoning Board of Review ("Board") incorporates by reference as if fully set forth herein its responses to paragraphs 1 through and including 100 of Plaintiff's complaint.

102. Admit.

103. Admit as to Town Planner's address. Denied that James Lamphere is the Town Planner.

104. Admit.

105. The Board neither admits nor denies this paragraph as it is not an allegation. The Magistrate Judge's recommendation speaks for itself.

106. The Board neither admits nor denies this paragraph as it is not an allegation. The court Order speaks for itself.

107. Admit.

108. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

109. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

110. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

111. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

112. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

113. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

114. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

115. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

116. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

117. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

118. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

119. No response is needed as this allegation does not address the Board. However, the Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

120. Denied.

121. Denied.

122. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

123. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

124. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

125. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

126. Denied.

127. Denied.

128. Denied.

129. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

130. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

131. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

132. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

133. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

134. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

135. The Board neither admits nor denies this allegation and leaves plaintiffs to their proof.

WHEREFORE, the Board prays this Court to enter an Order denying Plaintiffs' prayers for relief and dismissing the complaint of Plaintiffs against the Board and any and all other relief this Court deems just and proper.

AFFIRMATIVE DEFENSES

1. Plaintiffs have waived any cause of action against the Planning Commission for failure to exhaust their administrative remedies.
2. Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted.

3. Plaintiffs' complaint against the Board should be dismissed as it is moot. The Board has granted the requested relief to Plaintiffs.

4. Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction for failure to provide proper notice.

Charlestown ~~Zoning~~ Board of Review,
By its attorney,

Christopher J. Zangari #5442
Law Offices of Christopher J. Zangari, Esq.
1575 South County Trail
East Greenwich, RI 02818
401-751-8090 x 114
401-541-3814
chris@libtitle.com

CERTIFICATION

I, THE UNDERSIGNED, HEREBY CERTIFY THAT ON THE 26TH DAY OF July, 2006, I mailed a true copy of the forgoing Answer, U.S. mail, first class, postage prepaid to the following persons/parties:

Richard J. Welch, Esq.
MOSES, AFONSO, JACKVONY, LTD.
170 Westminster Street
Providence, RI 02903
(401)454-3600

Douglas H. Wilkins, Esq.
ANDERSON & KREIGER, LLP
43 Thorndike Street
Cambridge, MA 02141
(617)252-6575

Kelly M. Fracassa, Esq.
Naccarato & Fracassa
PO Box 2976
Westerly, RI 02891
(401)596-0321

Peter D. Ruggiero, Esq.
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, RI 02886
(401)737-8700