UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW CINGULAR WIRELESS, PCS, LLC<br>f/k/a AT&T WIRELESS PCS, LLC<br>and MCF COMMUNICATIONS, INC.<br>Plaintiffs<br><br>vs.<br><br>TOWN OF CHARLESTOWN, R.I, et al.<br>Defendants | C.A. No.: 03-421-S |

**Consolidated with:**

| | |
|---|---|
| TIMOTHY REGAN, KATHLEEN E.<br>REGAN, HAROLD H. HULTGREN<br>REVOCABLE TRUST and<br>CHARLESTOWN LAND GROUP, LLC,<br><br>Plaintiffs<br><br>vs.<br><br>NEW CINGULAR WIRELESS, PCS, LLC<br>f/k/a AT&T WIRELESS PCS, LLC<br>and MCF COMMUNICATIONS, INC.<br>TOWN OF CHARLESTOWN, R.I, et al.<br>Defendants | C.A. No.: 06-311-S |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCF COMMUNICATIONS, INC. TO PLAINTIFFS' COMPLAINT IN NO. 06-311-S**

Defendant, MCF Communications ("MCF"), answers the numbered paragraphs of the complaint of Timothy Regan, et al in C.A. No. 06-311-S as follows:

1. MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint, which are therefore deemed denied.

2. MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, which are therefore deemed denied.

3. The public records indicate that Charlestown Land Group was revoked by the Rhode Island Secretary of State in or about July of 1999 pursuant to Rhode Island General Laws Section 7-16-41. The public records also reflect that a "Charlestown Land Group" with an address at 250 Centerville Road, Bldg. F, Warwick RI 02886, was listed by the Town Assessor as the owner of the parcel in question during the time period from 2003 into 2006. In further answer, MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3 of Plaintiffs' Complaint, which are therefore deemed denied.

4. MCF makes no responses to allegations not directed at it.

5. Admitted.

6. MCF makes no responses to allegations not directed at it.

7. MCF makes no responses to allegations not directed at it.

8. MCF states that MCF and Cingular filed an application on May 20, 2003 with the board seeking a special use permit to install a tower for wireless services on property known as Lot 103 on Charlestown Tax Assessor's Plat 13. Except as thus stated, denied.

9. Paragraph 9 of Plaintiffs' Complaint sets forth conclusions of law to which no

response is required, and the allegations are deemed denied to the extent that they do not set forth the applicable law completely, precisely and/or accurately. In further answer, MCF denies all allegations of Paragraph 9 of Plaintiffs' Complaint that imply or assert liability against MCF. Except as thus stated, denied.

10. MCF admits that July 15, 2003, at 7:00 p.m. was the hearing date for its special use permit application relative to Lot 103. Except as thus stated, denied.

11. MCF states that the public records including Tax Assessor records, which speak for themselves, indicate that the Lot was owned by Charlestown Land Group located at 250 Centerville Road, Bldg. F, Warwick, Rhode Island 02886. In further answer, MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 11 of Plaintiffs' Complaint which are therefore deemed denied.

12. MCF states the public records, including Charlestown Tax Assessor records, speak for themselves and no response is therefore necessary. Except as thus stated, denied.

13. MCF states that Paragraph 13 sets forth conclusions of law to which no response is required, and the allegations are therefore deemed denied. In further answer, MCF admits that it provided notices of a hearing on its special use permit application scheduled for July 15, 2003, to the Charlestown Land Group by mailing notice to 250 Centerville Road, Building F. Warwick, RI 02886 by certified mail. MCF however denies all allegations in Paragraph 13 of Plaintiffs' Complaint that imply or assert liability against MCF. Except as thus stated, denied.

14. MCF denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. MCF states that certified mailing of the notice for the July 15, 2003 hearing to Charlestown Land Group was returned "attempted-not known". MCF denies all allegations in Paragraph 15 of Plaintiffs' Complaint that imply or assert liability against MCF. Except as thus stated, denied.

16. MCF denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that the correct address for the Charlestown Land Group can be found in documents maintained in the office of the Charlestown Planning Department which are therefore deemed denied. MCF denies the remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18. MCF denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint, except that it lacks knowledge or information sufficient to form a belief as to whether the plaintiffs received notice of the hearing scheduled for July 15, 2003, and subsequent continuances of the hearing, did not know of the hearings, and did not attend the hearings.

19. MCF states that the board denied the application for a special use permit in a decision dated and filed with the Town Clerk on August 28, 2003. In further answer, MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint which are therefore deemed denied.

20. MCF admits Cingular filed a complaint in the United State District Court for the District of Rhode Island, C.A. No. 03-421-S, seeking judicial review of the board' s denial of its application and that MCF was added as a party plaintiff to that action. MCF denies all remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. MCF admits that the United States District Court for the District of Rhode Island rendered a decision and order in C.A. No. 03-421-S remanding the special use permit application to the board with instructions to issue a written decision on the matter. MCF further states that the District of Rhode Island's decision speaks for itself. MCF denies the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiffs' Complaint which are therefore deemed denied.

23. MCF admits that the board held a hearing on its special use permit application on July 19, 2005. MCF denies the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. MCF is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiffs' Complaint which are therefore deemed denied.

25. MCF admits that the board granted its and Cingular's special use permit application on July 19, 2005. MCF denies the remaining allegations contained in Paragraph 25 of

Plaintiffs' Complaint.

26. MCF denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. MCF denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. MCF denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

**MCF COMMUNICATIONS, INC.**

**By its attorneys,**

**Richard J. Welch (#4490)**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, RI 02903**
**Ph: (401) 453-3600**

**August 2, 2006**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Neither the complaint nor any alleged cause of action therein states facts sufficient to constitute an action against MCF. Among other things, the complaint acknowledges that notice was sent to the address mandated by statute, fails to allege facts sufficient to establish a legal duty on the party of MCF, fails to support a claim for violation of due process rights and does not allege deprivation or infringement of any interest protected by the constitutions of the United States of America and the State of Rhode Island.

### SECOND DEFENSE

The plaintiffs cannot meet their burden to show that they had a constitutional right to

participate in a zoning proceeding regarding a proposed use on property they do not own.

**THIRD DEFENSE**

Reliance upon the Assessor's list, and addresses shown therein, is conclusive under state law.

**FOURTH DEFENSE**

The complaint and each claim therein is untimely and is barred by the equitable doctrine of laches.

**FIFTH DEFENSE**

The complaint is barred by issue and claim preclusion.

**SIXTH DEFENSE**

The complaint is barred by the statute of limitations, including but not limited to R.I. Gen Laws § 45-24-69, particularly where notice was sent in compliance with the statute.

**SEVENTH DEFENSE**

Plaintiffs, Timothy Regan, Kathleen F. Regan, Harold H. Hultgren Revocable Trust, Martha A. Hultgren Revocable Trust all lack standing to maintain this action.

**EIGHTH DEFENSE**

MCF is not liable to Plaintiffs because Plaintiffs lack standing to sue for the claims alleged.

**NINTH DEFENSE**

Charlestown Land Group, LLC lacks capacity to sue, as its existence as an LLC was

revoked in 1999.

**TENTH DEFENSE**

Plaintiffs, Timothy Regan, Kathleen F. Regan, Harold H. Hultgren Revocable Trust, Martha A. Hultgren Revocable Trust have not alleged, and cannot show, any causal connection, or injury, relating to mailings that were or were not made to 85 Tollgate Road, Warwick, RI.

**ELEVENTH DEFENSE**

The Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of express and implied waiver.

**TWELFTH DEFENSE**

The Complaint, and each claim therein, is barred in whole or in part, by the doctrine of estoppel.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to injunctive or equitable relief because Plaintiff has not and will not suffer irreparable harm.

**MCF COMMUNICATIONS, INC.**

**By its attorneys,**

**Richard J. Welch (#4497)**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, RI 02903**
**Ph: (401) 453-3600**

**August 2, 2006**



AT&T/Charlestown/CharlestownLandGroup/AnswerMCF Communications

**CERTIFICATE OF SERVICE**

I, Richard J. Welch, Esquire certify that the 2nd day of August, 2006, the above document was served by first-class mail, postage prepaid to the counsel of record listed below:

Stephen D. Anderson, Esquire
Douglas H. Wilkins, Esquire
Anderson & Kreiger LLP
43 Thorndike Street
Cambridge, MA 02141

Kelly M. Fracassa, Esquire
Naccarato & Fracassa
96 Franklin Street
P.O. Box 2976
Westerly, Rhode Island 02891-0933

Peter D. Ruggiero
Town Counsel
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

Christopher J. Zangari, Esquire
Marinosci & Zangari
1575 South County Trail
East Greenwich, RI 02818

Richard J. Welch